NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CASTELLET, INC., DBA Thompson Building Materials, a California corporation,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; GOLDEN EAGLE INSURANCE COMPANY, a New Hampshire corporation,<br><br>               Defendants,<br><br> and<br><br>PEERLESS INSURANCE COMPANY, a New Hampshire corporation,<br><br>               Defendant-Appellee. | No.   19-55339<br><br>D.C. No.<br>8:18-cv-00582-DOC-KES<br><br><br>MEMORANDUM AND ORDER[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted May 5, 2020[**]
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: M. SMITH, BADE, and BRESS, Circuit Judges.

Plaintiff-Appellant Castellet, Inc. (Castellet) appeals the district court's grant of summary judgment for Defendant-Appellee Peerless Insurance Co. (Peerless) in this insurance coverage dispute. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1332. We review a district court's decision to grant summary judgment de novo. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). Because we agree with the district court that Peerless properly denied coverage to Castellet based on the unambiguous language of the insurance policy at issue, we **AFFIRM** the district court. For the same reasons, we **DENY** Castellet's motion (Dkt. No. 23) for certification to the California Supreme Court.

This coverage dispute concerns a state court lawsuit brought against Castellet, a building materials producer, related to some allegedly defective patio stone that it sold to homeowners who were renovating their pool area. The homeowners brought two causes of action against Castellet and others (the Homeowner Claims): (1) negligence; and (2) breach of implied warranties of merchantability and fitness for a particular purpose. In the state court proceedings, the homeowners argued that, even if the stone was not defective, Castellet failed to investigate and determine the stone's suitability for the homeowners' intended use before selling it. Castellet won the litigation, but only after Peerless had denied

Castellet's requests for coverage pursuant to its commercial general liability insurance policy.

Peerless's denials of coverage were based upon the insurance policy's "Products-Completed Operations Hazard" exclusion (the PCOH Exclusion). In pertinent part, the PCOH Exclusion excludes "all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work.'" The policy defines "your product" to include "goods or products" sold by Castellet, as well as "[w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your product.'" The policy defines "your work" as "[w]ork or operations performed by you or on your behalf" and "materials . . . furnished in connection with such work," as well as "[w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work.'" Both "your product" and "your work" include "[t]he providing of or failure to provide warnings or instructions."

As a lawsuit stemming from property damage that occurred off-premises and after the installation of Castellet's product, the PCOH Exclusion unambiguously excludes the Homeowner Claims. And while Castellet attempts to reframe the Homeowner Claims in order to avoid the PCOH Exclusion, as the district court noted, "[t]here is simply no other reason why Castellet was involved" in the state

3

court litigation other than the fact that it provided allegedly unsuitable stone. Order Granting Defendant's Motion for Summary Judgment at 15, *Castellet, Inc. v. Golden Eagle Ins. Co.*, No. 8:18-cv-00582-DOC-KES (C.D. Cal. Jan. 8, 2019), ECF No. 33. The fact that Castellet argued in the underlying suit that it was not liable and that other parties were instead responsible for the damage does not change this.

Castellet argues that the language "arising out of" in the PCOH Exclusion is ambiguous, but we agree with the district court that it is not. Castellet's reading of the policy contradicts California and Ninth Circuit rulings interpreting similar policy language. *See Baker v. Nat'l Interstate Ins. Co.*, 103 Cal. Rptr. 3d 565, 577–78 (Cal. Ct. App. 2009) (interpreting "products-completed operations hazard" exclusion in policy as unambiguous); *see also L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 801 (9th Cir. 2017) (interpreting "arising from" broadly). Any conceivable formulation of the Homeowner Claims is encompassed by the plain language of the PCOH Exclusion.

Finally, Castellet relies on *State Farm Mutual Automobile Insurance Co. v. Partridge*, 514 P.2d 123 (1973), a California Supreme Court case that is distinguishable. *Partridge* involved an accident caused by two independent and concurrent risks, each separately insured under different policies. *Id.* at 125–27. The court held that coverage was available under either policy because each policy

covered a concurrent proximate cause of the accident. *Id.* at 129. In contrast, here there is only one insurance policy at issue, and given the allegations in the underlying state court action, the policy's PCOH exclusion would have applied under any conceivable theory of recovery alleged by the homeowners against Castellet.

**AFFIRMED.**